**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**GLENDA C. BENNETT**                                                                                   **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO. 2:14cv178-KS-MTP**

**CAROLYN W. COLVIN**                                                                              **DEFENDANT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* [2]. Having considered Plaintiff's submission, the undersigned recommends that the Motion be denied and that Plaintiff be directed to pay the filing fee.

Plaintiff filed her Complaint along with her Motion for Leave to Proceed *in forma pauperis* [2] that included income and asset information. Although the Plaintiff did not submit the standard form to support the motion, the Court has sufficient information before it to evaluate Plaintiff's financial status.

In making the IFP determination, the Court may consider the total monetary resources available to assist Plaintiff. "There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. U.S.*, 415 F.2d 1115, 1116 (5th Cir. 1969). 28 U.S.C. § 1915(a)(1) is designed to provide access to federal courts for plaintiffs lacking the financial resources to pay any part of the statutory filing fees. *See Barnes v. Secretary, Dept. of Treasury*, 2010 WL 4220422 (S.D. Miss. Sept. 16, 2010). The Court must examine the financial condition of Plaintiff in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The granting or denying of IFP status is left

to the sound discretion of the district court. *Willard v. United States*, 299 F. Supp. 1175, 1177 (N.D. Miss. 1969).

A review of the financial information submitted with the motion reflects that Plaintiff's spouse receives $2,050 per month in income. Thus, Plaintiff's annual household income is $24,600. Plaintiff lists no dependents, although she is subject to a $1400 per month mortgage payment and $50 per month in medical expenses. She estimates the value of her home to be $265,000.[1] The Plaintiff and her husband jointly own a 2004 Jeep Liberty with no indebtedness against it.

Some courts have utilized the applicable poverty guidelines to assess applicants' financial condition.[2] The applicable poverty guideline for a family of two is $15,730 annually.[3] Plaintiff's household income far exceeds the poverty level, and exceeds Plaintiff's stated monthly obligations by $600. Plaintiff does not provide any estimate for her household expenses, but even if those expenses are substantial, Plaintiff's application reflects that she has $600 in cash and is purchasing a residence valued at $265,000. Plaintiff's financial status should allow her to pay the filing fee in order to commence this action without undue hardship if given a reasonable amount of time to tender the requisite amount.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1.  Plaintiff's Motion for Leave to Proceed *in forma pauperis* [2] be DENIED,

---

[1] The Motion provides no supporting documentation but states that the amount owed on the home is $275,000.

[2] *See, e.g.*, *Dow v. Colvin*, 2013 WL 1952092 (N.D. Tex. April 15, 2013); *Nelson v. Louise*, 2011 WL 3648632 (E.D. La. July 27, 2011).

[3] *See* Annual Update of the HHS Poverty Guidelines, 79 Fed. Reg. 3593 (Jan. 22, 2014).

2.	Plaintiff be given sixty (60) days to pay all of the costs associated with the filing of this lawsuit, and

3.	Should Plaintiff fail to timely pay all of the costs associated with the filing of this lawsuit, this matter be dismissed without prejudice and without further notice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the Judge, the Magistrate Judge and the opposing party.  The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 6th day of January, 2015.

s/ Michael T. Parker
United States Magistrate Judge